**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL HALE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1420-JMS-DML |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Michael Hale for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

Hale was arrested on March 21, 2006, following a controlled buy in which he sold two eight balls of cocaine to police informants Hamilton and Patrick. He was convicted after trial by jury in the Kosciusko Circuit Court in July 2006 of Dealing in Cocaine, and thereafter sentenced to a term of 50 years.

Hale's conviction was affirmed on appeal in *Hale v. State*, 875 N.E.2d 438 (Ind.Ct. App. 2007)(*Hale I*). The trial court's denial of Hale's petition for post-conviction relief was affirmed on appeal in *Hale v. State*, 2011 WLL 1877731 (Ind.Ct.App. May 13, 2011)(unpublished)(*Hale II*).

The filing of Hale's petition for writ of habeas corpus followed and that petition has been fully at issue since April 9, 2012.

Hale argued in his direct appeal that the trial court erred in denying his motions for mistrial, that there was insufficient evidence to support his conviction, and also that the sentence was inappropriate. Hale argued in *Hale II* that his trial counsel had rendered ineffective assistance.

In his habeas petition, Hale asserts the following claims: (1) the evidence was insufficient; (2) his right to due process was violated when the trial court refused to grant a mistrial; (3) the sentence was unconstitutionally excessive; and (4) his trial counsel rendered ineffective assistance.

## II. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 28 U.S.C. § 2241(c)(3), *et seq.,* govern this case because Hale filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza,* 540 U.S. 12, 15-16 (2003) (per

curiam) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith,* 539 U.S. 510, 520 (2003) (quoting *Williams,* 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.,* 539 U.S. at 520–21 (citations omitted); *see also Williams,* 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh,* 521 U.S. at 333, n.7; *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington,* 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases--indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002); *see also Mitchell,* 540 U.S. at 16.

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §

2254(e)(1); *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Id.*

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir. 1998). A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

In addition to the substantive standard reviewed above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.

*Badelle,* 452 F.3d at 661 (internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that

the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. Discussion

#### A. Sufficiency of Evidence

Hale contends that there was insufficient evidence to support his conviction for Dealing in Cocaine.

The relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When conducting a *Jackson* analysis, a district court "'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (quoting *Jackson,* 443 U.S. at 326). The Supreme Court has noted that "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011) *(per curiam).*

The Indiana Court of Appeals reviewed the evidence and found:

> In order to convict Hale of dealing in cocaine as a Class A felony as charged in this case, the State was required to prove that he knowingly or intentionally delivered cocaine in an amount weighing three grams or more. Ind.Code § 35–48–4–1. The evidence presented at trial establishes that during a controlled buy supervised by the Drug Task Force, Patrick, who had been searched by the officers and given buy money, gave Hale $240.00 and Hale gave him over four grams of cocaine in return. In addition, evidence was presented that Hale called Patrick from jail and discouraged Patrick from testifying against him at trial.

*Hale I*, 438 N.E.2d at 445. This review was consistent with the standard established in *Jackson* and the conclusion was a reasonable application of that standard. Although Hale offers a different view of the evidence—evidence which could be thought to cast doubt on the testimony of the informants—this view does not accord with interpreting the evidence in the manner most favorable to the jury's verdict. *Cf. McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003)(a federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State). Because Hale's challenge to the sufficiency of

the evidence is based on an argument that the police informants' testimony should not have been found credible, this challenge is fundamentally at odds with the test prescribed by *Jackson* because such argument is premised on an assumption antagonistic to the rule in *Jackson.* The Supreme Court has noted that the federal habeas statute "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983); *see also Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993). Thus, "[a]ssessment of the credibility of the witnesses is beyond the scope of federal habeas corpus review of a claim of insufficient evidence." *Bowen v. Haney,* 622 F.Supp.2d 516, 546 (W.D.Ky. 2008) (citing *Matthews v. Abramajtys,* 319 F.3d 780, 788–89 (6th Cir. 2003) (internal citation omitted)).

### B. Motions for Mistrial.

Hale argued in his direct appeal that the trial court had erred in denying his two (2) motions for a mistrial. The context and details of the testimony of police informant Hamilton which preceded the making of those motions are set forth in *Hale I*, 875 N.E.2d at 443-44. It suffices for the present purpose to note that the first such motion was based upon a reference suggesting that Hale had engaged in drug transactions in the past and that the second such motion was based on the testimony by Hamilton that on the morning of the trial he had been threatened with harm if he testified.

The Indiana Court of Appeals examined the circumstances connected with each of the motions for a mistrial and concluded as to the first such motion that the action by the trial court in striking the comment was a sufficient remedial measure and that Hale had waived any claim of error in connection with the second such motion, though in any event the argument was meritless. *Hale I,* 875 N.E.2d at 444.

As to the finding of waiver pertaining to the denial of the second motion for a mistrial, Hale fails to overcome the consequences of his procedural default. *Johnson v. Hulett,* 574 F.3d 428, 430 (7th Cir. 2009)(explaining that a federal habeas court is barred from considering procedurally defaulted claims unless the petitioner Acan establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice@)(internal quotation marks omitted).

Apart from Hale's procedural default concerning his second motion for a mistrial, each this claim is—as to each motion for a mistrial—a simple challenge to an evidentiary ruling by the trial court. Evidentiary rulings are not subject to collateral review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001).

Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's rulings in this case were not of this nature, and hence this claim will not support the award of federal habeas relief.

### C. Asserted Excessiveness of Sentence

Hale claims that his 50-year sentence is constitutionally excessive. The issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. He is not entitled to habeas corpus relief based on this claim.

### D. Asserted ineffective Assistance of Counsel

Hale argues that his counsel was ineffective at trial. The specifications he offers to support this claim are that his trial counsel was ineffective by: 1) failing to move to suppress evidence from the controlled buy; 2) challenge the probable cause affidavit for his arrest; and 3) object to Hamilton's testimony that he had been threatened on the day he testified.

The Sixth Amendment guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S. Ct. 2052.

> Under *Strickland,* [a defendant] must prove two elements: (1) that his trial counsel's performance fell below "an objective standard of reasonableness," *id.* at 688, 104 S. Ct. 2052; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S. Ct. 2052. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S. Ct. 2052. For the second element, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S. Ct. 2052.

*Daniels v. Knight,* 476 F.3d 426, 433-34 (7th Cir. 2007).

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of a case such as Hale presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The Indiana Court of Appeals noted the *Strickland* standard. *Hale II*, 2011 WLL 1877731, at *4. The Indiana Court of Appeals examined the circumstances associated with each of Hale's specifications of ineffective assistance of counsel and reached the following conclusions: First, although the roles of Patrick and Hampton were reversed compared with what was expected, the trial court did not abuse its discretion in admitting evidence of the controlled buy. *Id.* at *5. Second, counsel's failure to challenge the legality of Hale's arrest did not prejudice Hale because the asserted invalidity of that arrest would not have resulted in the dismissal of the charge against Hale or in a valid basis on which to challenge his conviction. *Id.* at *6. And third, "Hale [did] not show[ ] that Hamilton's testimony that Slone threatened him had a probable persuasive effect on the jury's decision." *Id.* Each of these findings established that Hale had not suffered prejudice in the manner required by *Strickland*.

This was a reasonable application of *Strickland* to the circumstances of the case, and is wholly in accord with the principle that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such

clear error-and no error at all-occurred in *Hale II,* Hale is not entitled to federal habeas relief based on this specification of ineffective assistance of counsel.

## V. Conclusion

This court has carefully reviewed the state record in light of Hale's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Hale's habeas petition does not present such a situation and that petition [1] is therefore **denied.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Hale has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/18/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All Electronically Registered Counsel**